UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES INSURANCE SE,

     Plaintiff,

                                 CASE NO.

vs.

SARL JFL, FI,

     Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, GREAT LAKES INSURANCE SE, by and through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment as to the coverage afforded under a policy of marine insurance, and further thereto would respectfully state as follows:

### JURISDICTION AND VENUE

1.    This is an action for declaratory relief pursuant to Title 28 of the United States Code, § 2201 *et seq*, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2.    Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assured's insurance agent, Atlass Insurance Group of Florida Inc., located at 1300 SE 17th Street, Suite 220, in Fort Lauderdale, Florida 33316,

1

and because the policy contains a valid and enforceable forum selection clause establishing jurisdiction where the Assured's insurance agent resides.

3.     This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4.     Plaintiff, GREAT LAKES INSURANCE SE, (hereinafter "GREAT LAKES") is a corporation organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom, in the City of London.

5.     Upon information and belief, the Defendant SARL JFL, FI, is a corporation organized and existing under the laws of France, with its principal place of business located in France, in the city of La Couronne.

## FACTUAL ALLEGATIONS

6.     On or about March 17, 2019, Defendant submitted to the Plaintiff, via Defendant's agent, an application for a policy of marine insurance. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage.

7.     A true and correct copy of the said application (including a five-page Application Form,  two-page Hurricane Questionnaire/Plan, a one-page Paid Crew Supplementary Sheet, and a one-page Captain Charter Supplementary Sheet) completed and signed by Defendant, and submitted to Plaintiff on or about March 17, 2019 by and on behalf of the Defendant by its agent is attached hereto as Exhibit 1.

8.     The application states that the beneficial owner of the vessel is Jean Francois Vieira Da Silva. *See* Ex. 1, p. 1.

2

9.     On or about March 19, 2019, Plaintiff GREAT LAKES, in exchange for good and valuable consideration issued to the Defendant named herein its Marine Insurance Policy No. CSRYP/174554, affording Hull & Machinery coverage in the amount of $1,800,000.00 and Third-Party Liability coverage in the amount of $5,000,000.00 for a period of one (1) year commencing on March 19, 2019, on the 2017 64 ft Lagoon vessel named "PLAYTIME" which was owned by the said Defendant.

10.     A true and correct copy of the Policy Schedule and the policy language for Plaintiff's Policy No. CSRYP/174554 is attached hereto as Exhibit 2.

11.     Plaintiff agreed to issue its Policy No. CSRYP/174554 based upon the representations set forth in, and the material information disclosed in, the application attached hereto at Ex. 1.

12.     Plaintiff agreed to issue its Policy No. CSRYP/174554 based upon Defendant's representation in the application that the vessel would be located at 82 Nurni Drive in Fort Lauderdale, Florida 33301, between July 1st and November 1st. *See* Ex. 1, pp.'s. 2, 6.

13.     Plaintiff agreed to issue its Policy No. CSRYP/174554 based upon Defendant's warranty contained in  the Hurricane Questionnaire/Plan (hereinafter "the Hurricane Plan") that, in the event of a named windstorm, the vessel would be secured, either ashore or afloat in a hurricane hole, at the same location at 82 Nurni Drive in Fort Lauderdale, Florida 33301. *See* Ex. 1, pp.'s 6-7.

14.     On or around September 1, 2019, during the period of Plaintiff's Policy No. CSRYP/174554, the 2017 64 ft Lagoon vessel which was owned by the said Defendant was involved in an incident in which it has been alleged that certain damage was sustained by the vessel

as a result of Hurricane Dorian while it was moored at The Jib Room, at 700 Bay St, in Marsh Harbour, Bahamas.

15.     Upon receipt of the first notice of the September 1, 2019 loss described herein, Plaintiff caused an investigation to be made into the facts and circumstances surrounding the said incident.

16.     The said investigation established that the Defendant had not complied with the Hurricane Plan. *See* Ex. 1, pp.'s 6-7.

17.     The said investigation established that the Defendant misrepresented material facts on his application for the policy of marine insurance.

18.     The said investigation established that someone other than the sole approved named operator had operated the scheduled vessel during the policy period.

## FIRST CAUSE OF ACTION
### (Breach of the Hurricane Plan Warranty)

19.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 18 as if set forth fully herein.

20.     The Hurricane Plan states in pertinent part:

**WARNING:**

It is hereby warranted that in the event of a named or numbered storm warning or advisory issued by any competent local authority, I/we will secure the above vessel and/or its equipment in accordance with the representations stated above including, but not limited to, the removal and storage of Bimini and dodgers, top canvas, removable enclosures, loose upholstery, cushions, roller furling headsails, sails, outriggers and antennas, life rafts, hard or rubber tenders.

I declare that the particulars and answers contained in this form are correct and complete in every respect. I agree that this declaration and warranty shall be incorporated in its entirety into any relevant policy of insurance.

4

21.     The post-incident investigation carried out by the Plaintiff established that the Defendant failed to comply with the Hurricane Plan warranty in that the vessel was not secured either ashore or afloat in a hurricane hole at the designated location of 82 Nurni Drive in Fort Lauderdale, Florida 33301 prior to and during the passage of Hurricane Dorian, but was instead moored afloat in the Bahamas.

22.     Defendant was therefore in direct violation of the said express warranty set forth in Plaintiff's policy of marine insurance.

23.     Defendant's breach of the warranty set forth in the Plaintiff's policy of marine insurance permits the Plaintiff to avoid liability for the costs of repairing or replacing the vessel as a result of the incident on September 1, 2019.

24.     Notwithstanding the said breach of an express warranty and the lack of any coverage under the Plaintiff's policy of marine insurance, Defendant SARL JFL, FI has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance.

25.     As a result of the breach of an express warranty and the aforesaid lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/174554.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

26.     As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION
### (Misrepresentation of Material Facts as to Vessel Location)

27.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 18 as if set forth fully herein.

28.     Plaintiff's policy states in pertinent part:

> 9. General Conditions and Warranties
> *****
> l) This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.

29.     The Defendant breached the provisions of Plaintiff's policy of marine insurance set forth above by misrepresenting or failing to disclose facts which were material to Plaintiff's decision to accept the risk of insuring the vessel.

30.     The Defendant misrepresented and/or failed to disclose material facts concerning the location of the vessel between July 1st and November 1st, in that Defendant had represented in the application that the vessel would be located ashore at 82 Nurni Drive in Fort Lauderdale, Florida 33301, between July 1st and November 1st. *See* Ex. 1, pp.'s 2, 6.

31.     Had the Defendant disclosed the material facts herein, that the vessel would in fact be moored in the Bahamas between July 1st and November 1st, the Plaintiff would not have agreed

to ensure the vessel and/or would not have agreed to issue Policy No. CSRYP/174554, would have charged a higher premium, or would have altered the terms of the policy to call for the application of English law and practice to any and all disputes arising under the policy.

32.     Defendant's misrepresentation and/or failure to disclose materials facts constitutes a breach of the duties imposed on an assured by the express terms of the policy and under applicable principles of federal admiralty law.

33.     Due to Defendant's misrepresentation of material facts at time it applied for the policy of marine insurance, Policy No. CSRYP/174554 is void from its inception.

34.     Notwithstanding the Defendant's misrepresentation of material facts at the time it applied for the policy of marine insurance, Defendant SARL JFL, FI has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the Vessel insured under the said terms of the said policy of marine insurance.

35.     As a result of the aforesaid misrepresentation of material facts at the time the Defendant applied for the policy of marine insurance, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/174554.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

36.     As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the aforesaid misrepresentation of material facts at the time the Defendant applied for the policy of marine insurance, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine

insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory

Judgment.

## THIRD CAUSE OF ACTION
### (Misrepresentation of Material Facts as to Prior Loss)

37.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6

through 18 as if set forth fully herein.

38.     Plaintiff's policy states in pertinent part:

9. General Conditions and Warranties

*****

l) This contract is null and void in the event of non-disclosure or
misrepresentation of a fact or circumstances material to our
acceptance or continuance of this insurance. No action or inaction
by us shall be deemed a waiver of this provision.

39.     The Defendant breached the provisions of Plaintiff's policy of marine insurance set

forth above by misrepresenting or failing to disclose facts which were material to Plaintiff's

decision to accept the risk of insuring the vessel.

40.     In response to the question, "Have you been involved in a loss in the last 10 years

(insured or not)? If YES, please provide details and amount paid" the Defendant answered "NO."

*See* Ex. 1, p. 3.

41.     In the course of investigating the claim referenced herein, Plaintiff learned that

another vessel owned by the Defendant had been struck by lightning in or around August or

September 2016.

42.     The Defendant misrepresented and/or failed to disclose material facts concerning a prior loss to another vessel owned by the Defendant, in which that vessel had been struck by lightning in or around August or September 2016.

43.     Had the Defendant disclosed the material facts herein, that another vessel owned by the Defendant had been struck by lightning in or around August or September 2016, the Plaintiff would not have agreed to ensure the vessel and/or would not have agreed to issue Policy No. CSRYP/174554 or would have charged a higher premium.

44.     Defendant's misrepresentation and/or failure to disclose materials facts constitutes a breach of the duties imposed on an assured by the express terms of the policy and under applicable principles of federal admiralty law.

45.     Due to Defendant's misrepresentation of material facts at time it applied for the policy of marine insurance, Policy No. CSRYP/174554 is void from its inception.

46.     Notwithstanding the Defendant's misrepresentation of material facts at the time it applied for the policy of marine insurance, Defendant SARL JFL, FI has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the Vessel insured under the said terms of the said policy of marine insurance.

47.     As a result of the aforesaid misrepresentation of material facts at the time the Defendant applied for the policy of marine insurance, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/174554.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

48.     As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the aforesaid misrepresentation of material facts at the time the Defendant applied for the policy of marine insurance, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

### FOURTH CAUSE OF ACTION
**(Breach of the Named Operator Warranty)**

49.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 18 as if set forth fully herein.

50.     Plaintiff's policy states in pertinent part:

9. General Conditions and Warranties

*****

v) It is warranted that the Scheduled Vessel will be operated only by covered persons.

*****

"Covered person" means you, and/or any person detailed on your application form which has been submitted by you and approved by us, provided that person has been declared to us in writing as an operator of the Scheduled Vessel.

51.     The post-incident investigation carried out by the Plaintiff established that the vessel had been operated by someone other than the sole approved named operator during the policy period.

52.     Defendant was therefore in direct violation of the said express warranty set forth in Plaintiff's policy of marine insurance.

53.     Defendant's breach of the warranty set forth in the Plaintiff's policy of marine insurance permits the Plaintiff to avoid liability for the costs of repairing or replacing the vessel as a result of the incident on September 1, 2019.

54.     Notwithstanding the said breach of an express warranty and the lack of any coverage under the Plaintiff's policy of marine insurance, Defendant SARL JFL, FI has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance.

55.     As a result of the breach of an express warranty and the aforesaid lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/174554.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

56.     As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A)     Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendant as regards the incident of September 1, 2019 in which the insured vessel is alleged to have sustained damage;

(B)     Declaring that the breach of the policy's Hurricane Plan Warranty by the Defendant as described herein voids Plaintiff's Policy No. CSRYP/174554 *ab initio* and relieves the Plaintiff from any and all liability to the said Defendant under the terms of the Hull & Machinery Coverage and the Third-Party Liability coverage afforded under the said policy of marine insurance;

(C)     Declaring that the breach of the policy's Named Operator Warranty as described herein voids Plaintiff's Policy No. CSRYP/174554 *ab initio* and relieves the Plaintiff from any and all liability to the said Defendant under the terms of the Hull & Machinery Coverage and the Third-Party Liability coverage afforded under the said policy of marine insurance;

(D)     Declaring that the Defendant's misrepresentation of material facts on the application for marine insurance voids Plaintiff's Policy No. CSRYP/174554 from its inception;

(E)     Declaring that Plaintiff's Policy No. CSRYP/174554 does not afford coverage to the Defendant for the incident of September 1, 2019 in which the insured vessel is alleged to have sustained damage;

(F)     Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated:      March 4, 2020
             Fort Lauderdale, Florida

                  GOLDMAN & HELLMAN
                  *Attorneys for Plaintiff*
                  8751 W. Broward Boulevard
                  Suite 404
                  Fort Lauderdale, Florida 33324
                  Tel (954) 356-0460Fax (954) 832-0878

             By:    /s/ Steven E. Goldman
                   STEVEN E. GOLDMAN, ESQ.
                   FLA. BAR NO. 345210