IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
**IN ADMIRALTY**

GREAT LAKES INSURANCE, SE           CASE NO: 0:20-cv-60477-WPD

    Plaintiff,

vs.

SARL JFL.FI,

    Defendant.

_____/

### SARL JFL. FI's ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, the Defendant, SARL JFL.FI (hereinafter "Owner S/Y Playtime") by and through its undersigned attorneys and hereby pleads its Answer and Affirmative Defenses in response to the Declaratory Judgment Complaint of Plaintiff, GREAT LAKES INSURANCE, SE (hereinafter "Great Lakes") as follows:

### RESPONSE TO JURISDICTION AND VENUE

1. In response to paragraph 1 of the Complaint, Owner of S/Y Playtime, admits only that Great Lakes seeks declaratory relief under the referenced statute and that there is a dispute between the parties over insurance coverage for the S/Y Playtime, which was destroyed by Hurricane Dorian in the Bahamas. The remaining allegations of paragraph 1 of the Complaint are denied by Owner of S/Y Playtime.

2. In response to paragraph 2 of the Complaint, Owner of S/Y Playtime, does not contest venue in this Court. The remaining allegations of paragraph 2 of the Complaint are denied by Owner of S/Y Playtime.

3. In response to paragraph 3 of the Complaint, Owner of S/Y Playtime, does not contest the Court's jurisdiction to hear this dispute.  The remaining allegations of paragraph 3 of the Complaint are denied by Owner of S/Y Playtime.  The Owner of S/Y Playtime would state affirmatively, however that this court may apply state insurance law in the absence of an established federal maritime rule.

4. In response to paragraph 4 of the Complaint, Owner of S/Y Playtime, is without knowledge and therefore denies its allegations.

5. In response to paragraph 5 of the Complaint, Owner of S/Y Playtime denies that SARL JFL, FI is the legal name of the Defendant legal entity, but would admit that it is a French legal entity, with its business address in the city of La Couronne.  The remaining allegations of paragraph 5 of the Complaint are denied by the Owner of S/Y Playtime.

## **RESPONSE TO FACTUAL ALLEGATIONS**

6. In response to paragraph 6 of the Complaint, Owner of S/Y Playtime denies that it submitted the application for marine insurance to Atlass, which Great Lakes has incorrectly identified as Owner of S/Y Playtime's agent.  Owner of S/Y Playtime is without knowledge and denies the portion of paragraph 6 which references Great Lakes' procedures.

7. In response to paragraph 7 of the Complaint, Owner of S/Y Playtime denies that it completed the documents that comprise Exhibit 1; denies that it submitted the application for marine insurance to Atlass, which Great Lakes has incorrectly identified as Owner of S/Y Playtime's agent; and denies that Exhibit 1 is the final version of the referenced documents that were provided to Great Lakes.

8. Admitted.

9. In response to paragraph 9 of the Complaint, Owner of S/Y Playtime denies that the insurance coverages were properly plead in this paragraph and denies that Playtime was a 2017 model year, 64 foot vessel.  The remaining allegations of paragraph 9 are admitted by Owner of S/Y Playtime.

10. In response to paragraph 10 of the Complaint, Owner of S/Y Playtime, is without knowledge and therefore denies its allegations.

11. In response to paragraph 11 of the Complaint, Owner of S/Y Playtime, is without knowledge and therefore denies its allegations.

12. In response to paragraph 12 of the Complaint, Owner of S/Y Playtime, is without knowledge and therefore denies its allegations.

13. In response to paragraph 13 of the Complaint, Owner of S/Y Playtime, is without knowledge and therefore denies its allegations.

14. In response to paragraph 14 of the Complaint, Owner of S/Y Playtime, admits only that during the subject policy period, S/Y Playtime was damaged by Hurricane Dorian while she was moored at The Jib Room, at 700 Bay Street, in Marsh Harbour, Bahamas.  The remaining allegations of paragraph 14 are denied by Owner of S/Y Playtime.

15. In response to paragraph 15 of the Complaint, Owner of S/Y Playtime, is without knowledge and therefore denies its allegations.

16. In response to paragraph 16 of the Complaint, Owner of S/Y Playtime, is without knowledge and therefore denies its allegations.

17. In response to paragraph 17 of the Complaint, Owner of S/Y Playtime, is without

knowledge and therefore denies its allegations.

18. In response to paragraph 18 of the Complaint, Owner of S/Y Playtime, is without knowledge and therefore denies its allegations.

**RESPONSE TO FIRST CAUSE OF ACTION RE: HURRICANE PLAN WARRANTY**

19. In response to paragraph 19 of the Complaint, Owner of S/Y Playtime re-alleges each response made in paragraphs 1 through 18 above as if full set forth herein.

20. In response to paragraph 20 of the Complaint, Owner of S/Y Playtime denies that this paragraph accurately states the complete text of the referenced document.

21. In response to paragraph 21 of the Complaint, Owner of S/Y Playtime, admits only that at the time of Hurricane Dorian, S/Y Playtime was moored afloat in a hurricane hole in the Bahamas.  The remaining allegations of paragraph 21 are denied by Owner of S/Y Playtime.

22. Owner of S/Y Playtime denies the allegations contained within paragraph 22 of the Complaint.

23. Owner of S/Y Playtime denies the allegations contained within paragraph 23 of the Complaint.

24. In response to paragraph 24 of the Complaint, Owner of S/Y Playtime, admits only that it has made a claim for a constructive total loss of S/Y Playtime to Great Lakes. The remaining allegations of paragraph 24 of the Complaint are denied by Owner of S/Y Playtime.

25. Owner of S/Y Playtime denies the allegations contained within paragraph 25 of the Complaint.

26. Owner of S/Y Playtime denies the allegations contained within paragraph 26 of the

Complaint.

## RESPONSE TO SECOND CAUSE OF ACTION RE: MISREPRESENTATION

27. In response to paragraph 27 of the Complaint, Owner of S/Y Playtime re-alleges each response made in paragraphs 1 through 18 above as if full set forth herein.

28. In response to paragraph 24 of the Complaint, Owner of S/Y Playtime denies that this paragraph is an accurate quotation of the alleged policy wording from Exhibit 2.

29. In response to paragraph 29 of the Complaint, Owner of S/Y Playtime, is without knowledge and therefore denies its allegations.

30. Owner of S/Y Playtime denies the allegations contained within paragraph 30 of the Complaint.

31. In response to paragraph 31 of the Complaint, Owner of S/Y Playtime, is without knowledge and therefore denies its allegations.

32. Owner of S/Y Playtime denies the allegations contained within paragraph 32 of the Complaint.

33. Owner of S/Y Playtime denies the allegations contained within paragraph 33 of the Complaint.

34. In response to paragraph 34 of the Complaint, Owner of S/Y Playtime, admits only that it has made a claim for a constructive total loss of S/Y Playtime to Great Lakes. The remaining allegations of paragraph 34 of the Complaint are denied by Owner of S/Y Playtime.

35. Owner of S/Y Playtime denies the allegations contained within paragraph 35 of the Complaint.

36. Owner of S/Y Playtime denies the allegations contained within paragraph 36 of the

Complaint.

## RESPONSE TO THIRD CAUSE OF ACTION RE: MISREPRESENTATION AS TO PRIOR LOSS

37. In response to paragraph 37 of the Complaint, Owner of S/Y Playtime re-alleges each response made in paragraphs 1 through 18 above as if full set forth herein.

38. In response to paragraph 38 of the Complaint, Owner of S/Y Playtime denies that this paragraph is an accurate quotation of the alleged policy wording from Exhibit 2.

39. In response to paragraph 39 of the Complaint, Owner of S/Y Playtime, is without knowledge and therefore denies its allegations.

40. In response to paragraph 40 of the Complaint, Owner of S/Y Playtime denies that this paragraph is an accurate quotation of the application attached to Complaint as Exhibit 1 and it denies that "NO" was answered to the question alleged in paragraph 40.

41. In response to paragraph 41 of the Complaint, Owner of S/Y Playtime, is without knowledge and therefore denies its allegations.

42. Owner of S/Y Playtime denies the allegations contained within paragraph 42 of the Complaint.

43. In response to paragraph 43 of the Complaint, Owner of S/Y Playtime, is without knowledge and therefore denies its allegations.

44. Owner of S/Y Playtime denies the allegations contained within paragraph 44 of the Complaint.

45. Owner of S/Y Playtime denies the allegations contained within paragraph 45 of the Complaint.

46. In response to paragraph 46 of the Complaint, Owner of S/Y Playtime, admits only

that it has made a claim for a constructive total loss of S/Y Playtime to Great Lakes. The remaining allegations of paragraph 46 of the Complaint are denied by Owner of S/Y Playtime.

47. Owner of S/Y Playtime denies the allegations contained within paragraph 47 of the Complaint.

48. Owner of S/Y Playtime denies the allegations contained within paragraph 48 of the Complaint.

### RESPONSE TO FOURTH CAUSE OF ACTION
### RE: NAMED OPERATOR WARRANTY

49. In response to paragraph 49 of the Complaint, Owner of S/Y Playtime re-alleges each response made in paragraphs 1 through 18 above as if full set forth herein.

50. In response to paragraph 50 of the Complaint, Owner of S/Y Playtime denies that this paragraph is an accurate quotation of the alleged policy wording from Exhibit 2.

51. In response to paragraph 51 of the Complaint, Owner of S/Y Playtime, is without knowledge and therefore denies its allegations.

52. Owner of S/Y Playtime denies the allegations contained within paragraph 52 of the Complaint.

53. Owner of S/Y Playtime denies the allegations contained within paragraph 53 of the Complaint.

54. In response to paragraph 54 of the Complaint, Owner of S/Y Playtime, admits only that it has made a claim for a constructive total loss of S/Y Playtime to Great Lakes. The remaining allegations of paragraph 54 of the Complaint are denied by Owner of S/Y Playtime.

55. Owner of S/Y Playtime denies the allegations contained within paragraph 55 of the

Complaint.

56. Owner of S/Y Playtime denies the allegations contained within paragraph 56 of the Complaint.

WHEREFORE having answered the Complaint, Defendant, SARL JFL.FI, demands judgement from the Court:

A. Declaring that the relationship of insurer and insured exists between Plaintiff and Defendant as regards the incident of September 1, 2019 in which the insured vessel is alleged to have sustained damage;

B. Declaring that the Defendant was not in breach of the policy's hurricane plan and that Plaintiff is liable to Defendant for full policy proceeds available under Hull & Machinery Coverage and the Third-Party Liability coverage afforded under the said policy of marine insurance;

C. Declaring that the Defendant was not in breach of the policy's Named Operator Warranty and that Plaintiff is liable to Defendant for full policy proceeds available under Hull & Machinery Coverage and the Third-Party Liability coverage afforded under the said policy of marine insurance;

D. Declaring that the Defendant did not misrepresent material facts on the application for marine insurance and that the subject policy was in full force and effect at the time of the subject loss;

E. Declaring that Plaintiff's Policy No. CSRYP/174554 does afford coverage to the Defendant for the incident of September 1, 2019 in which the insured vessel is alleged to have sustained damage;

F. For all further relief that this Court may deem just and appropriate under the

circumstances, including costs of defense.

### **DEFENDANT SARL JFL.FI's DEFENSES, AFFIRMATIVE DEFENSES AND SPECIFIC DENIALS**

1. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

2. As and for a second defense or affirmative defense, Owner of S/Y Playtime avers that Plaintiff's claims are barred in whole or in part by reason of estoppel and/or waiver.

3. As and for a third defense or affirmative defense, Owner of S/Y Playtime avers that Plaintiff's claims are barred or limited, in whole or in part, by its own actions, misconduct and/or breach of terms, conditions and provisions of the policy which it issued to Owner of S/Y Playtime.

4. As and for a fourth defense or affirmative defense, Owner of S/Y Playtime avers that Plaintiff's claim for Declaratory Relief is barred in whole or in part by its own breaches of the policy which it issued to Owner of S/Y Playtime, and by its failure to properly administer, adjust and indemnify Owner of S/Y Playtime for the damages it sustained in an insured hurricane loss.

5. As and for a fifth defense or affirmative defense, Owner of S/Y Playtime avers that Plaintiff's claim for Declaratory Relief is improper and will not terminate the controversy as Plaintiff seeks a finding from the Court on past factual conduct of the parties and not simply on issues of law.

6. As and for a sixth defense or affirmative defense, Owner of S/Y Playtime avers that it was not in breach of its Hurricane Plan, as a change in mooring location had been submitted to Plaintiff reflecting the Primary Mooring Location of the vessel was

"Bahamas, Marsh Harbour, Jib Room Marina" by Nicholas Guitard and/or Marine Management Consulting & Activities d/b/a Next Generation Yachting.

7. As and for a seventh defense or affirmative defense, Owner of S/Y Playtime avers that it was not in breach of its Hurricane Plan as the Jib Room was a Hurricane Hole as contemplated by ANNEX I to the Hurricane Plan and that all material, reasonable and practical requirements of ANNEX I were followed by Owner of S/Y Playtime.

8. As and for an eighth defense or affirmative defense, Owner of S/Y Playtime avers that it was not in breach of its Hurricane Plan as the Hurricane Questionaire/Plan was ambiguous and impossible as it required the vessel be stored ashore at a private residence in Fort Lauderdale.

9. As and for a ninth defense or affirmative defense, Owner of S/Y Playtime avers that it did not misrepresent the vessel's location, as a change in mooring location had been submitted to Plaintiff reflecting the Primary Mooring Location of the vessel was "Bahamas, Marsh Harbour, Jib Room Marina" by Nicholas Guitard and/or Marine Management Consulting & Activities d/b/a Next Generation Yachting.

10. As and for a tenth defense or affirmative defense, Owner of S/Y Playtime avers that it did not misrepresent material facts regarding a prior loss, as the alleged lighting loss did not involve Jean-Francois Vieria as an individual, which is a reasonable reading of question 11 of the application form attached as Exhibit 1-1 to the Complaint.

11. As and for a tenth defense or affirmative defense, Owner of S/Y Playtime avers that it did not misrepresent material facts regarding a prior loss, as the alleged lighting loss did not involve Jean-Francois Vieria as an individual, which is a reasonable

reading of question 11 of the application form attached as Exhibit 1-1 to the Complaint. Owner of S/Y Playtime's response to question asked was accurate and did not misrepresent any facts.

12. As and for an eleventh defense or affirmative defense, Owner of S/Y Playtime avers that question 11 of the application form attached as Exhibit 1-1 to the Complaint is ambiguous as drafted as it does not define "YOU" to include prior legal entities owned by the applicant. Owner of S/Y Playtime's response to question asked was accurate and did not misrepresent any facts.

13. As and for a twelfth defense or affirmative defense, Owner of S/Y Playtime avers that a single isolated lightning loss that was not caused by the fault of Jean-Francois Vieira was not material to the underwriting decisions made with regard to the subject policy for S/Y Playtime.

14. As and for a thirteenth defense or affirmative defense, Owner of S/Y Playtime avers that the alleged breach of the named operator warranty did not occur during the events of the subject loss, namely while docked and ravaged by Hurricane Dorian. Therefore this alleged breach cannot form the basis of a coverage denial made in good faith by the Plaintiff.

15. As and for a fourteenth defense or affirmative defense, Owner of S/Y Playtime avers that under New York Insurance Law Section 3105, an insurance company may rely on misrepresentations in applications for insurance to deny coverage as follows:

    a. A representation is a statement as to past or present fact, made to the insurer by, or by the authority of, the applicant for insurance or the prospective insured, at or before the making of the insurance contract as an inducement

      to the making thereof. A misrepresentation is a false representation, and the facts misrepresented are those facts which make the representation false.

   b. (1) No misrepresentation shall avoid any contract of insurance or defeat recovery thereunder unless such misrepresentation was material. No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract.

With regard to the policy at issue in this case, the alleged misrepresentation were either not false or were not material to the extent that the Plaintiff would have refused to make the contact of insurance for S/Y Playtime.

16. As and for a fifteenth defense or affirmative defense, Owner of S/Y Playtime avers that if any misrepresentations were made, which is denied by Owner of S/Y Playtime, the alleged misrepresentations were made by Nicholas Guitard and/or Marine Management Consulting & Activities d/b/a Next Generation Yachting, who were paid by Owner of S/Y Playtime to advise on and procure insurance for S/Y Playtime and therefore the Defendant would not be legally responsible for these alleged misrepresentations and they cannot be used as a basis for denial of the Defendant's claim.

17. Owner of S/Y Playtime reserves the right to amend or plead additional defenses, affirmative defenses and specific denials as additional facts are learned through discovery in this case.

## **DEFENDANT SARL JFL.FI's COUNTERCLAIM**

    Defendant SARL JFL.FI (hereinafter "Owner of S/Y Playtime") files this its

counterclaim against GREAT LAKES INSURANCE SE (hereinafter "Great Lakes) as follows:

## PARTIES

1. Plaintiff, Great Lakes is a corporation organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom, in the City of London.

2. Defendant SARL JFL, FI, is a corporation organized and existing under the laws of France, with its principal place of business located in France, in the city of La Couronne.

## JURISDICTION AND VENUE

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4. This Court has also jurisdiction over this case pursuant to Title 28 of the United States Code sec. 1332 as the parties are of diverse citizenship and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. Jurisdiction is also proper at this is a counterclaim to a Declaratory Judgment Action brought by Great Lakes against Owner of S/Y Playtime pursuant to the Declaratory Judgement Act, 28 United States Code Section 2201 *et seq.*

6. Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assured's insurance agent, Nicholas Guitard and/or Marine Management Consulting & Activities d/b/a Next Generation Yachting, located at 750 NE 64 Street, Suite BHP1, Miami, Florida 33318.

## **FACTUAL ALLEGATIONS**

7. On or about March 17, 2019, Defendant submitted to the Plaintiff, via Defendant's agent, Nicholas Guitard and/or Marine Management Consulting & Activities d/b/a Next Generation Yachting, an application for a policy of marine insurance.

8. After the initial application was submitted to Plaintiff, Owner of S/Y Playtime, advised Nicholas Guitard and/or Marine Management Consulting & Activities d/b/a Next Generation Yachting that certain changes, including the mooring location being changed to reflecting the Primary Mooring Location of the vessel was "Bahamas, Marsh Harbour, Jib Room Marina".

9. Nicholas Guitard and/or Marine Management Consulting & Activities d/b/a Next Generation Yachting agreed to address these changes and based on information and belief submitted a revised application to Plaintiff, which was accepted.

10. A true and accurate copy of that revised application for insurance is attached hereto as Exhibit A.

11. On or about March 19, 2019, Plaintiff GREAT LAKES, in exchange for good and valuable consideration issued to the Defendant named herein its Marine Insurance Policy No. CSRYP/174554, affording Hull & Machinery coverage in the amount of $1,800,000.00 and Third-Party Liability coverage in the amount of $5,000,000.00 for a period of one (1) year commencing on March 19, 2019, on the 2018 63 ft Lagoon vessel named "PLAYTIME" which was owned by the Defendant.

12. On or around September 1, 2019, during the period of Plaintiff's Policy No. CSRYP/174554, the 2018 63 ft Lagoon vessel which was owned by the Defendant was ravaged and extensively damaged by Hurricane Dorian while it was moored at

The Jib Room, at 700 Bay St, in Marsh Harbour, Bahamas.

13. Prior to the arrival of the Hurricane Dorian in Marsh Harbour, Owner of S/Y Playtime paid Nicholas Guitard and/or Marine Management Consulting & Activities d/b/a Next Generation Yachting to have the vessel prepared to weather the hurricane in compliance with the requirements of her ANNEX 1 storm preparation plan for Hurricane Hole [DE 1-1, p. 7 of 9].

14. Despite these preparations, S/Y Playtime suffered extensive damage and was determined to be a constructive total loss as a result of Hurricane Dorian.

15. After Hurricane Dorian, S/Y Playtime was further damaged by theft of its components by unknown actors.

16. After learning of the damage to S/Y Playtime, Owner of S/Y Playtime timely reported a claim for hull and machinery coverage as well as potential third party liability to Plaintiff.

17. Plaintiff acknowledged the insurance claim submitted by Owner of S/Y Playtime for this loss.

18. Plaintiff agrees that S/Y Playtime sustained a constructive total loss as a result of Hurricane Dorian.

19. Owner of S/Y Playtime is entitled to payment of the $1,800,000.00 agreed value for the constructive total loss of the vessel, for sue and labor, and consequential and incidental damages as well as third party liability coverage and defense from Plaintiff.

20. Plaintiff wrongfully and in bad faith denied coverage for the constructive total loss of S/Y Playtime for the alleged reasons set forth in the Declaratory Judgment action, all

of which are disputed by Owner of S/Y Playtime.

## COUNT ONE  - BREACH OF CONTRACT

21. Counterclaimant repeats and realleges each and every allegation set forth in Paragraphs 1 through 20 as if set forth fully herein.

22. Great Lakes under the policy of insurance identified above, contracted to issue coverage for S/Y Playtime and to pay for losses incurred by Owner of S/Y Playtime during the applicable policy period.

23. These losses include, but are not limited to, accidental physical loss or damage to the vessel as well as reasonable expenses incurred by Owner of S/Y Playtime to attempt to mitigate losses, salvage, wreck removal, personal property loss, tender loss and other expenses related to the loss.

24. Owner of S/Y Playtime has fully performed any and all conditions required by the subject policy of insurance.

25. Owner of S/Y Playtime has made a timely demand upon Great Lakes to perform it obligations under the policy, however Great Lakes in bad faith has denied the claim and breached its obligations to Owner of S/Y Playtime.

26. As a direct result of Great Lakes breach of the insurance contract, Owner of S/Y Playtime has sustained damages, including, but not limited to:

    a. The agreed value of $1,800,000.00;

    b. Personal property losses;

    c. Wreck removal expenses;

    d. Surveyor expenses,

    e. Legal fees and costs;

    f. Travel expenses and other consequential and incidental damages to be determined through discovery.

WHEREFORE, SARL JFL, FI demands judgment against GREAT LAKES INSURANCE, SE for its full measure of damages, costs and pre-judgment interest.

Dated this 15th  day of June 2020

                                              Respectfully Submitted,

By:

                **s/ Andrew N. Mescolotto**
                ANDREW N. MESCOLOTTO (28141)
                FERTIG AND GRAMLING
                200 Southeast 13th Street
                Fort Lauderdale, FL 33316
                PH:   (954) 763-5020
                FX:   (954) 763-5412
                anm@fertig.com
                Attorney for the Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on June 15, 2020 on all counsel or parties of record on the Service List below.

                                              /s Andrew N. Mescolotto
                                              Andrew N. Mescolotto
                                              Fertig & Gramling

Steven E. Goldman (345210)
GOLDMAN & HELLMAN
8751 W. Broward Boulevard
Suite 404
Fort Lauderdale, Florida 33324
Tel (954) 356-0460
Fax (954) 832-0878
steven@goldmanandhellman.com
Attorneys for Plaintiff
*Via CM/ECF*